```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
```
SAUL ZIPPER,

                            Plaintiff,        **ORDER**

      - v -

                                                  CV-03-5796 (NGG)(VVP)

ALAN M. NICHTERN, et al.,

      Defendants/Third Party Plaintiffs,

      - v -

HEALTHSOUTH,

      Third Party Defendant,

      - v -

FITTER INTERNATIONAL INC., et al.,

      Fourth Party Defendants.
```
----------------------------------------------------------------x
```

      Healthsouth has moved to compel discovery it seeks from Fitter International concerning Fitter's business contacts with New York for purposes of responding the Fitter's imminent motion to dismiss for lack of personal jurisidiction. In response to Healthsouth's interrogatories and document requests, Fitter limited the information it provided to the calendar year 2005. Healthsouth originally asked for information dating back to the inception of the product in issue, but has now modified its request to seek information only for the period from January 1, 2004 to the present.

      Healthsouth seeks to establish personal jurisdiction over Fitter under section 301 of the New York Civil Practice Law and Rules, which permits the assertion of jurisdiction over a corporate entity that is "doing business" in the state. *See, e.g., Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57-58 (2d Cir. 1985)(citing *Tauza v. Susquehanna Coal Co.*, 220 N.Y. 259, 115 N.E. 915 (1917); *William Systems, Ltd. v. Total Freight Systems, Inc.*, 27 F. Supp. 2d 386, 387 (E.D.N.Y. 1998). Under section 301, the time period for scrutiny to determine whether the corporation was "doing business" in the state is the time when the action was commenced, not when the cause of action arose. *E.g., William Systems, Ltd.*, 27 F. Supp. 2d at 388.

As the action against Fitter was not commenced until October 2005, and Fitter was not served until November 2005, discovery for the entire year of 2005, which Fitter has already provided, is more than sufficient to determine whether Fitter was "doing business" in New York at the time the action against Fitter was commenced. Accordingly the plaintiff's application is denied.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:   Brooklyn, New York
         April 10, 2006